```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

FORTUNATO GARCIA,                :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :   CASE NO. 3:08CV95(DFM)
                                 :
ROBERT HEBERT et al.,            :
                                 :
     Defendants.                 :
```

SUPPLEMENTAL RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Fortunato Garcia brings this action against police officers and courthouse employees alleging misconduct in connection with his arrest and prosecution on state criminal charges. The court assumes familiarity with the facts set forth in its ruling on the parties' cross-motions for summary judgment concerning plaintiff's arrest for larceny after he picked up a police officer's wallet at a Kmart on Thanksgiving Day in 2006. Garcia v. Hebert, No. 3:08CV95(DFM), 2013 WL 1294412 (D. Conn. Mar. 28, 2013). In that ruling, the court granted the motion for summary judgment filed by defendant Lisa Killiany and denied plaintiff's cross-motion. For the reasons that follow, the court issues this supplemental ruling regarding the claim of civil conspiracy against Killiany.[1]

---

[1] Judgment has not entered yet because claims are still pending against another defendant. Federal Rule of Civil Procedure 54(b) provides, in relevant part, that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does

A.  <u>Background</u>

This action has been partially resolved by rulings on dispositive motions, two of which are relevant here.  In March 2009, the court dismissed plaintiff's claims of false arrest, malicious prosecution and due process violations against state prosecutors Magdalena Campos and Andrew Wittstein on grounds of prosecutorial immunity.  (Docs. #94, #99.)  The Second Circuit affirmed on interlocutory appeal.  <u>Garcia v. Hebert</u>, 352 Fed. Appx. 602 (unpublished), No. 09-1615-CV, 2009 WL 3765549 (2d Cir. Nov. 12, 2009).

In March 2013, the court determined that defendant Jane Serafini was entitled to quasi-judicial immunity on plaintiff's claims of false arrest, malicious prosecution and due process violations and granted summary judgment in her favor.  <u>Garcia v. Hebert</u>, No. 3:08CV95(DFM), 2013 WL 1294412 (D. Conn. Mar. 28, 2013).  The court also granted summary judgment to defendants

---

not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities."  Fed. R. Civ. P. 54(b); <u>see</u>, e.g., <u>Lawrence v. Richman Group Capital Corp.</u>, No. 3:03CV850(JBA), 2005 WL 1949864 (D. Conn. Aug. 11, 2005) (sua sponte reconsideration of motion to dismiss certain counts following amendment of complaint); <u>Enron Power Marketing, Inc. v. Nevada Power Co.</u>, No. 01-16034AJG et al., 2004 WL 3015256 (S.D.N.Y. Dec. 28, 2004) (supplemental ruling on bankruptcy appeal "in the interest of clarity"); <u>Nabisco v. Warner-Lambert Co.</u>, 32 F. Supp. 2d 690 (S.D.N.Y. 1999) (sua sponte reconsideration of ruling on motion for summary judgment).

2

Lisa Killiany and Officer John Guerrera on the merits of the constitutional and tort claims against them.  Id.  Finally, the court determined that because plaintiff could not prevail on his constitutional or tort claims, he could not prevail on his claim that defendants conspired to inflict the alleged injury.  See id. (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) ("the [conspiracy] lawsuit will stand only insofar as the plaintiff can prove the sine qua non of a § 1983 action: the violation of a federal right")); Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC, 739 F. Supp. 2d 104, 106-107 (D. Conn. 2010) (under state law, "claim of civil conspiracy must be joined with an allegation of a substantive tort")).

In its ruling on the civil conspiracy claim against defendant Killiany, the court did not include an analysis of her interactions with the immune state defendants.  In Dennis v. Sparks, 449 U.S. 24 (1980), the Supreme Court held that a § 1983 conspiracy claim may proceed against private parties even if the state official with whom they allegedly conspired is immune from suit.[2]  Accord. Contreras v. Perimenis, No. 3:12CV1770(AWT), 2013

---

[2] The plaintiff in Dennis brought § 1983 due process and conspiracy claims against a state court judge and private parties who allegedly bribed him.  The Supreme Court held that although the judge had been properly dismissed from the suit on the immunity grounds, "[i]t does not follow . . . that the action against the private parties accused of conspiring with the judge must also be dismissed."  Dennis v. Sparks, 449 U.S. 24, 27 (1980).  The Court reasoned that private defendants who

3

WL 4494315, at *2 (D. Conn. Aug. 20, 2013) ("A non-state actor could be subject to liability under section 1983 if she conspires with state actors — even state actors immune from liability under § 1983 — because 'an otherwise private person acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of federal rights.'"). Applying that holding here, the immunity of prosecutors Campos and Wittstein and court clerk Serafini does not foreclose plaintiff's claim that Killiany conspired with them to violate his rights or act unlawfully.  The following analysis of that claim supplements the previous ruling.

    B.  <u>Legal Standard</u>

To prevail on a § 1983 conspiracy claim, a plaintiff must show (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.  <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999).  "[T]he [conspiracy] lawsuit will stand only insofar as the plaintiff can prove the <u>sine qua non</u> of a § 1983 action: the violation of a federal right."  <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 119 (2d Cir. 1995).  The plaintiff must show that the defendants

---

bribe a judge are acting under color of law and that judicial immunity does not extend to private persons who corruptly conspire with a judge.  <u>Id.</u> at 27-30.

acted in a willful manner, culminating in an agreement, understanding, or meeting of the minds to violate his plaintiff's constitutional or statutory rights. Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 507-08 (S.D.N.Y. 2008). Because conspiracies are secretive operations, a conspiracy may be proved by circumstantial, rather than direct, evidence. Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994).

Similarly, under Connecticut law, a plaintiff claiming civil conspiracy must show (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff. Macomber v. Travelers Property & Casualty Corp., 277 Conn. 617, 635-36 (2006). Civil conspiracy is not an independent claim but an action for damages against those who agree to join in a tortfeasor's conduct. Id. "[M]ere association with a tortfeasor, or even knowledge of wrongdoing, without more, is insufficient to support a civil conspiracy claim." Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC, 739 F. Supp. 2d 104, 107 (D. Conn. 2010). "To say that individuals 'join' a conspiracy, thereby exposing them to liability, is to say that they agree to participate, in some manner, in the object of the conspiracy." Id. (citing Macomber, 277 Conn. at 636).

5

C. <u>Discussion</u>

Plaintiff alleges that Killiany exploited her connections as a courthouse employee and wife of a police officer to convince the prosecutors and the courtroom clerk to injure him because he ruined her Thanksgiving holiday and embarrassed her husband in front of his brother police officers. He cites circumstantial evidence including Killiany's use of an expletive at the police station, her thank-you note to the Torrington police for treating Hebert as "one of your own," her conversations with prosecutors and her drafting of a letter to the prosecutor over Hebert's name. The evidence shows that Killiany wanted plaintiff to be punished for his conduct but it falls short of establishing that she conspired to violate his rights or act unlawfully.

Plaintiff maintains that, at Killiany's behest, the prosecutors and court clerk "set [him] up" to miss a court date so that they could arrest and charge him with Failure to Appear. (Pl.'s Br., doc. #235 at 9.) Although both this court and the Court of Appeals inveighed against the procedural shortcuts taken by prosecutors during plaintiff's initial appearance at the Bantam courthouse,[3] the evidence demonstrates that the

---

[3]<u>See</u> Recommended Ruling, <u>Garcia v. Hebert</u>, No. 3:08CV95(RNC)(DFM) (D. Conn. March 12, 2009), doc. #94 (prosecutorial conduct was "troubling"), aff'd by Summary Order, No. 09-1615-cv, 2009 WL 3765549 (2d Cir. Nov. 12, 2009)

practices were routine and commonplace and not the product of a conspiracy to injure him.  The same is true of the court clerk's actions, which were routine and consistent with courthouse practices at the time.  Finally, there is no dispute that Killiany communicated to prosecutors her desire to see plaintiff punished; however, Article 1, § 8 of the Constitution of the State of Connecticut gives a victim of a crime the right to communicate with the prosecution and the right to notification of court proceedings.  The prosecutors considered Killiany to be a crime victim and communicated with her for purposes ordained by state law, as opposed to some illegal objective.  In sum, the undisputed facts do not show an agreement, understanding, or meeting of the minds to violate his rights or act unlawfully.

    D.  Conclusion

The foregoing analysis supplements the court's prior ruling in favor of defendant Killiany on the civil conspiracy claims.

This is not a recommended ruling.  The parties have consented to the authority of a magistrate judge in all proceedings in this case including the entry of final judgment

---

(describing prosecutorial conduct as "if not unconstitutional, likely illegal and certainly improper" and ordering state attorney general to investigate).  The Office of the State's Attorney responded that it had effected policy changes that would alleviate the Second Circuit's concerns.  See Letter from Maite Baranca, Garcia v. Hebert, No. 09-1615-cv (2d Cir. Dec. 10, 2009).

7

pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73.  (Doc. #276.)

    SO ORDERED at Hartford, Connecticut this 28th day of March, 2014.

                                              _____/s/_____
                                              Donna F. Martinez
                                              United States Magistrate Judge