```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

FORTUNATO GARCIA,               :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:08CV95(DFM)
                                :
ROBERT HEBERT et al.,           :
     Defendants.                :
```

RULING ON MOTION FOR RECONSIDERATION

Pending before the court is plaintiff's Motion for Reconsideration (doc. #300) of the court's ruling (doc. #298) granting defendant Robert Hebert's Motion to Set Aside (doc. #288) the default entered against him.  For the reasons that follow, reconsideration is granted, and the court adopts its prior ruling.

A. Legal Standard

The standard for granting a motion for reconsideration "is strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Virgin Atl. Airways,

Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)).

    B.  Ground for Reconsideration

    Although it was not raised in plaintiff's motion, I am reconsidering my March 2014 ruling on defendant Hebert's Motion to Set Aside default to eliminate any confusion as to my authority under 28 U.S.C. § 636(c).  Section 636(c) governs consent to the exercise of jurisdiction by a magistrate judge. It provides in relevant part:  "Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ."  28 U.S.C. § 636(c)(1).  The Second Circuit has clarified that consent must be "both unanimous and unambiguous" because it forms the basis for the magistrate judge's jurisdiction to enter an appealable judgment.  New York Chinese TV Programs, Inc. v. U.E. Enterprises, 996 F.2d 21, 24 (2d Cir. 1993).  Fed. R. Civ. P. 73(b)(1) provides that parties must manifest their consent by "fil[ing] a statement consenting to the [§ 636(c)] referral." But see Roell v. Withrow, 538 U.S. 580, 590 (2003) (defect in the Rule 73 procedure does not eliminate the magistrate judge's civil jurisdiction under § 636(c)(1) if parties have given "implied consent" by "voluntarily appear[ing] to try the case

2

before the Magistrate Judge" after being "made aware of the need for consent and the right to refuse it").

The relevant procedural history is as follows. In September 2012, District Judge Robert N. Chatigny transferred the case to me pursuant to § 636(c) and Rule 73 after a consent form was executed and submitted by counsel for plaintiff and defendants Guerrera, Killiany and Serafini. (Doc. #276.) Defendant Hebert had filed a pro se appearance but had been defaulted for failure to file a responsive pleading, so he did not join the consent. (Doc. #34, #42.) In March 2013, as the presiding judge, I decided the Cross-Motions for Summary Judgment filed by the consenting parties. (Doc. #281.) In June 2013, defendant Hebert appeared through counsel (doc. #287) and filed a Motion to Set Aside the default that sought relief in his personal and official capacities (doc. #288). I heard oral argument in July 2013 and granted the motion in March 2014, setting aside the default against Hebert in his personal capacity and dismissing the claims against him in his official capacity for lack of effective service of process. (Doc. #298.) In April 2014, plaintiff filed a Motion for Reconsideration. (Doc. #300.) Although the issue of consent was not raised in plaintiff's motion, in May 2014 I held a telephone conference during which I notified counsel of the issue and informed defendant Hebert, in accordance with Rule 73(b)(2), that he was

3

free to consent or to withhold consent without adverse consequences.  He executed and submitted his § 636(c) consent that same day in his personal and official capacities (doc. #307).  Judge Chatigny entered an order of referral.  (Doc. #309.)  Hebert's filing of his statement of consent eliminates any possible question as to my authority, and I now turn to the substance of plaintiff's Motion for Reconsideration.

    C.   Arguments on Reconsideration

Plaintiff seeks reconsideration of my ruling on Hebert's Motion to Set Aside the Default.  In that ruling, I found that Hebert's default was not willful, that he had meritorious defenses to the individual capacity claims and that setting aside the default would not prejudice the plaintiff.  I also found that the court lacked personal jurisdiction over Hebert in his official capacity because plaintiff failed to effect service of process on the Town of Winchester.[1]  I therefore concluded that the default should be set aside on the personal capacity claims and the official capacity claims should be dismissed pursuant to Rule 4(m).  (Doc. #298.)

---

[1] At the time of the events underlying this case, Hebert was employed by the Town of Winchester as a police officer.  In June 2013, counsel appeared on behalf of Hebert (doc. #287) and sought relief from the default in Hebert's official capacity, i.e., on behalf of the Town, as well as his individual capacity (doc. #288).

4

As grounds for reconsideration, plaintiff argues that he was not required to comply with the procedural rules governing service of process on the Town; that the court had personal jurisdiction over Hebert in his official capacity despite the defect in service; that the Town was responsible for notifying plaintiff of the defect in service; and that Hebert's default was willful.  These issues were addressed amply in my ruling on the Motion to Set Aside.  Plaintiff's arguments do not change that analysis.

Plaintiff also asserts, as he did in opposition to the Motion to Set Aside (see doc. #290 at 7), that the Second Amended Complaint states a claim for municipal liability under Monell v. Dept. of Social Services, 436 U.S. 658 (1978).  However, as counsel conceded at oral argument, and as I found in my ruling, the Second Amended Complaint does not state a Monell claim.  (See doc. #298 at 9-10.)

Finally, plaintiff maintains that Hebert is not eligible for relief from the default because his counsel was retained by the Town's insurer, which plaintiff characterizes as "a deliberate strategy to subvert Garcia's claims and prevent a jury trial on the merits."  (Doc. #300-1 at 8.)  He cites City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114 (2d Cir. 2011) (holding that defendant who repeatedly moves to dismiss for lack of personal jurisdiction but then withdraws from

5

litigation after those motions are denied forfeits the opportunity to attack default judgment for lack of personal jurisdiction). The facts of that case are patently inapposite. As I found in my ruling, Hebert's default in his personal capacity was not willful, and plaintiff failed to serve him in his official capacity. Plaintiff's allegation of deliberate delay is unfounded, and there is no basis on which to preclude Hebert from attacking the default.

### D. Conclusion

For the foregoing reasons, the motion for reconsideration (doc. #300) is GRANTED IN PART and DENIED IN PART. Upon reconsideration, the court adopts the analysis that it set forth in its Ruling on Motion to Set Aside dated March 28, 2014. (Doc. #298.) The default is set aside, and the claims against Hebert in his official capacity are dismissed pursuant to Fed. R. Civ. P. 4(m).

This is not a recommended ruling. The parties have consented to the authority of a magistrate judge in all proceedings in this case including the entry of final judgment pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73. (Docs. ## 276, 307, 309.)

SO ORDERED at Hartford, Connecticut this 19th day of May, 2014.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge