UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FORTUNATO GARCIA,                    :
                                     :
        Plaintiff,                   :
                                     :
        v.                           :        CASE NO. 3:08CV95(DFM)
                                     :
ROBERT HEBERT et al.,                :
                                     :
        Defendants.                  :

RULING AND ORDER

Plaintiff Fortunato Garcia brings this action against
police officers and courthouse employees.  The court assumes
familiarity with the facts set forth in its ruling on the cross-
motions for summary judgment, which concern plaintiff's arrest
and prosecution on state criminal charges after he picked up
defendant Robert Hebert's wallet.  See Ruling on Motions for
Summary Judgment, Garcia v. Hebert, No. 3:08CV95(DFM), 2013 WL
1294412 (D. Conn. Mar. 28, 2013), doc. #281.  The court recently
set aside the default entered against Hebert and now considers
whether he is entitled to summary judgment.

A.  Procedural History

In June 2008, default entered against defendant Hebert.
(Doc. #39.)  In March 2009, the court dismissed defendant
Assistant State's Attorneys Magdalena Campos and Andrew
Wittstein and dismissed the official capacity claims against
defendant Lisa Killiany.  (Docs. #94, #99.)  In December 2009,

the Second Circuit affirmed the rulings of dismissal on interlocutory appeal. (Doc. #127.)  In December 2011, the court dismissed the official capacity claims against defendant Jane Serafini. (Doc. #202.)  In March 2013, the court granted the motions for summary judgment filed by Killiany, Serafini and Officer John Guerrera and denied plaintiff's cross-motions. (Docs. #281, #297.)  In 2014, the court granted Hebert's motion to set aside the default and dismissed the official capacity claims against him for lack of personal jurisdiction. (Docs. #298, #310.)  Still pending are claims against Hebert in his personal capacity for false arrest, malicious prosecution and civil conspiracy under § 1983 and state law.

    B.  <u>Rule 56(f)</u>

In his motion to set aside the default, Hebert requested entry of judgment in his favor, arguing that the court's March 2013 ruling on the cross-motions for summary judgment foreclosed any possibility that plaintiff might prevail on the remaining claims. (Doc. #288-1 at 9.)  Hebert did not file a formal motion under Rule 56; however, Rule 56(f) provides in relevant part that, "[a]fter giving notice and a reasonable time to respond, the court may consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f), (f)(3); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326, 106 S. Ct. 2548, 91

L. Ed. 2d 265 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence").  Before granting summary judgment under Rule 56(f), the court "must assure itself that following the procedures set out in Rule 56 [(a)-(e)] would not alter the outcome."  Ramsey v. Coughlin, 94 F.3d 71, 74 (2d Cir. 1996); accord. Swatch Group Management Services Ltd. v. Bloomberg L.P., 742 F.3d 17, 24 (2d Cir. 2014) (affirming sua sponte summary judgment).  In other words, "[d]iscovery must either have been completed, or it must be clear that further discovery would be of no benefit" and the record must reflect "the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment." Id.

The parties in this case completed extensive discovery, including Hebert's deposition.  Defendants Killiany, Serafini and Guerrera then filed motions for summary judgment and plaintiff filed cross-motions.  They submitted thirty documents containing argument — including motions, briefs and Local Rule 56(a)(2) statements — in addition to the evidence submitted in support of each motion.  See Ruling on Motions for Summary Judgment, Garcia v. Hebert, No. 3:08CV95(DFM), 2013 WL 1294412, at *13 (D. Conn. Mar, 28, 2013).  The facts found in the court's

3

ruling on those motions are undisputed.  The claims against
Hebert are identical to claims levied against his alleged co-
conspirators and are predicated on the same evidence.

In light of the foregoing, the court notified plaintiff
that it would consider summary judgment on the personal capacity
claims against Hebert pursuant to Rule 56(f) and ordered as
follows:

> On or before April 9, 2014, plaintiff may file a brief
> addressing whether there remains any genuine issue of
> material fact or any pertinent legal issue that has not
> been decided in a prior ruling in this case and that would
> preclude summary judgment in favor of Hebert on the
> personal capacity claims of false arrest, malicious
> prosecution and civil conspiracy under § 1983 and state
> law.

(Doc. #298 at 15-16.)  Plaintiff filed a brief in response to
the court's notice.  (Doc. #299.)

The factual and legal issues set forth in plaintiff's brief
do not preclude summary judgment.  Plaintiff seeks a
determination of whether a nonparty gave him a proper <u>Miranda</u>
warning, whether the police treated him harshly on account of
his race, whether the police should have provided a Spanish
interpreter when interrogating him, whether the police violated
Executive Order 13166 ("Improving Access to Services for Persons
with Limited English Proficiency") and whether the town and
state defendants misused federal funds.  These are new theories
of liability which were not contained in the Second Amended

Complaint.  See Davis v. Connecticut Community Bank, N.A., 937 F. Supp. 2d 217, 238 (D. Conn. Mar. 26, 2013) (court need not consider new theories of liability raised for first time in opposition to summary judgment).

Next, plaintiff seeks a determination on several issues that already were decided on summary judgment in March 2013. (See doc. #281 at 19-23 (there was probable cause for larceny arrest), 20-22 (police had probable cause despite possibility that plaintiff did not violate larceny statute), 24 (plaintiff's claim of illegal search lacked merit), 24 n.12 (plaintiff failed to allege Fifth Amendment violation), 30 n.17 (plaintiff was not defamed in newspaper) and 13 (defendant Killiany wrote letter to prosecutor)).  Plaintiff did not seek reconsideration of the March 2013 decision by the Local Civil Rule 7(c) deadline and has not offered any compelling reason to disregard that decision.  See Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'").

Plaintiff also seeks a determination of whether he understood English when he first encountered Hebert and whether Hebert had a particular motive to instigate the alleged

conspiracy.  These issues are not material to his claims of false arrest, malicious prosecution and civil conspiracy.

Plaintiff finally contends that granting summary judgment in favor of Hebert would deprive him of the right to a jury trial.  "[A] grant of summary judgment does not compromise the Seventh Amendment's jury trial right because that right exists only with respect to genuinely disputed issues of material fact." Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006), quoted in Kennedy v. New York Presbyterian Hosp., No. 09CV6256(RMB), 2011 WL 2847839, at *4 (S.D.N.Y. July 06, 2011). Discovery is complete, and the record reflects plaintiff's "inability to enhance the evidence supporting its position and the winning party's entitlement to judgment." See Ramsey v. Coughlin, 94 F.3d 71, 74 (2d Cir. 1996).  After three other defendants filed motions for summary judgment, plaintiff filed cross-motions for summary judgment setting forth evidence and arguing that the material facts are not in dispute.  Upon consideration, the court ruled that the material facts are not in dispute.  The claims against Hebert are predicated on those undisputed facts.  Under these circumstances, the court may consider summary judgment pursuant to Rule 56(f).  See, e.g., Kachalsky v. Cacace, 817 F. Supp. 2d 235, 273 (S.D.N.Y. 2011) (granting summary judgment sua sponte to non-movant after

granting summary judgment to other defendants on identical §
1983 claims), aff'd, 701 F.3d 81 (2nd Cir. 2012).

  C.  Summary Judgment

  A party is entitled to summary judgment if the record,
including pleadings, depositions, answers to interrogatories,
admissions and affidavits, establishes that there is no genuine
dispute as to any material fact and that the party is entitled
to judgment as a matter of law.  See Fed. R. Civ. P. 56.  The
party opposing summary judgment "bears the burden of going
beyond the pleadings, and 'designating specific facts showing
that there is a genuine issue for trial.'"  Amnesty Am. v. Town
of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (quoting
Celotex, 477 U.S. at 324).  The court must view the evidence in
the record in the light most favorable to the nonmoving party,
drawing all reasonable inferences in that party's favor.  See
Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

  Plaintiff cannot prevail on his claims of false arrest and
malicious prosecution in view of the court's finding that there
was probable cause to arrest him for larceny.  See Ruttkamp v.
De Los Reyes, No. 3:10CV392(SRU), 2012 WL 3596064, at *5 (D.
Conn. Aug. 20, 2012) ("The existence of probable cause is an
absolute defense to claims of false arrest and malicious
prosecution.").

Nor can plaintiff prevail on his claim of civil conspiracy. Plaintiff contends that the defendant prosecutors and court clerk, who prevailed on immunity grounds, were acting in furtherance of a conspiracy with Hebert when they spoke to plaintiff outside of court (doc. #281 at 8), issued an arrest warrant for failure to appear (id. at 10-11), sought a high bond after that arrest and asked an investigating police officer not to memorialize a phone conversation with plaintiff's employer (id. at 14). Although there were some troubling procedural shortcuts in the underlying criminal case,[1] the court has found that these practices were routine and commonplace and not the product of a conspiracy to injure plaintiff. (Id. at 34-37; 297 at 6-7.) In addition, there is no evidence that Hebert communicated with the either the prosecutors or the court clerk or otherwise acted in concert with them. Even assuming that he communicated with the prosecutors through Killiany, to whom he was married at the time, the court has found that her

---

[1] See Recommended Ruling, Garcia v. Hebert, No. 3:08CV95(RNC)(DFM) (D. Conn. March 12, 2009), doc. #94 (prosecutorial conduct was "troubling"), aff'd by Summary Order, No. 09-1615-cv, 2009 WL 3765549 (2d Cir. Nov. 12, 2009) (describing prosecutorial conduct as "if not unconstitutional, likely illegal and certainly improper" and ordering state attorney general to investigate). The Office of the State's Attorney responded that it had effected policy changes that would alleviate the Second Circuit's concerns. See Letter from Maite Barainca, Garcia v. Hebert, No. 09-1615-cv (2d Cir. Dec. 10, 2009).

communications with prosecutors had no unlawful purpose.  (Doc. #297 at 6-7.)

Lastly, plaintiff's contention that Hebert conspired with defendants Killiany and Guerrera fails as a matter of law because plaintiff has failed to prove a violation of a federal right or commission of a substantive tort.  See Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) ("the [conspiracy] lawsuit will stand only insofar as the plaintiff can prove the sine qua non of a § 1983 action: the violation of a federal right")); Presley v. Pepperidge Farm, Inc., 356 F. Supp. 2d 109, 136-37 (D. Conn. 2005) (because plaintiff did not prevail on underlying tort claim, civil conspiracy claim failed as matter of state law).

D.  Conclusion

For the foregoing reasons, defendant Hebert is entitled to summary judgment on all personal capacity claims against him pursuant to Rule 56(f).

The court having dismissed the claims against defendants Campos and Wittstein (doc. #94), having dismissed the official capacity claims against defendants Killiany (doc. #99), Serafini (doc. #202) and Hebert (docs. #298, #310), having granted summary judgment to defendants Killiany, Serafini and Guerrera on the personal capacity claims against them (docs. #281, #297 and #301), and having herein granted summary judgment to

9

defendant Hebert on the personal capacity claims against him, the Clerk of the Court is directed to enter judgment in defendants' favor and close the case.

This is not a recommended ruling.  The parties have consented to the authority of a magistrate judge in all proceedings in this case including the entry of final judgment pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73.  (Docs. ## 276, 307, 309.)

SO ORDERED at Hartford, Connecticut this 19th day of May, 2014.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```