UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FORTUNATO GARCIA, | : |
|     Plaintiff, | : |
| v. | :   CASE NO. 3:08cv95(DFM) |
| ROBERT HEBERT, ET AL., | : |
|     Defendants. | : |

ORDER AWARDING ATTORNEYS' FEES AND COSTS

This case is before the court on remand from the Second Circuit Court of Appeals to determine fees and costs associated with the defense of plaintiff's frivolous appeal.

I. Background

The court assumes familiarity with the facts underlying the plaintiff's claim and sets forth only the facts and proceedings relevant to the pending issue of attorneys' fees. Plaintiff commenced this § 1983 action against numerous defendants. (Doc. #137.) After the court granted summary judgment in favor of the defendants[1] and closed the case, the plaintiff filed a motion seeking an award of attorneys' fees pursuant to § 1988. The court denied the motion on the grounds that the plaintiff was not a "prevailing party." Garcia v. Hebert, No. 3:08cv95(DFM), 2014 WL

---

[1] See Garcia v. Hebert, No. 3:08cv95(DFM), 2013 WL 1294412, at *1-5 (D. Conn. Mar. 28, 2013). The plaintiff appealed and the Second Circuit affirmed. Garcia v. Hebert, 594 F. A'ppx 26 (2d Cir. 2015).

11460459, at *1 (D. Conn. Dec. 3, 2014). The plaintiff appealed and the Second Circuit affirmed. See Garcia v. Hebert, 622 F. App'x 21 (2d Cir. 2015) (summary order). The Second Circuit held that the plaintiff's argument that he was a prevailing party was based on the "catalyst theory," a theory which the U.S. Supreme Court had "expressly rejected." Id. at 22. The Second Circuit ordered plaintiff-appellant's counsel "to show cause why they should not be held to be responsible for payment of attorneys' fees and costs related to each Appellee's defense of the appeal." (Doc. #339 at 1.) After the parties filed briefs in response, the Court of Appeals concluded that the plaintiff's appeal was frivolous and imposed sanctions "against Appellant's counsel . . . in the amount of Appellees' costs and reasonable attorneys' fees incurred by Appellees in litigating this appeal." (Doc. #339.) The Second Circuit remanded the case "for the calculation of costs and reasonable attorneys' fees." (Id.) Following the Second Circuit's mandate, this court ordered the defendants to "file their papers, including an itemization of the costs and reasonable fees incurred in defending the frivolous appeal." (Doc. #340.)

As indicated, the case involved various defendants. Plaintiff's counsel resolved claims for attorneys' fees with most defense counsel. However, plaintiff and the attorney for

2

defendants Robert Hebert and John Guerrera[2] were unable to settle on a fee amount. Defense counsel's fee request is now pending before the court. (Doc. #341.)

II. Legal Standard

"Both [the Second Circuit] and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a presumptively reasonable fee." Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)(internal quotation marks and citations omitted). "[T]he presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotations marks and citations omitted). "'[A]ny attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 148 (2d Cir. 2014) (quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)). The court has

---

[2] Defendants Hebert and Guerrera were represented by the same attorney throughout this litigation.

"wide discretion in determining an appropriate fee award." Carter v. Incorporated Village of Ocean Beach, 759 F.3d 159, 167 (2d Cir. 2014).

III. Discussion

Counsel for defendants Hebert and Guerrera seeks $29,304.50 in attorneys' fees reflecting 202.1 hours at $145/hour and $481.40 in costs. (Doc. #341 and #341-1.) The plaintiff objects. (Doc. #347.) The court heard telephonic oral argument on April 23, 2018. (Doc. #355.)

A. Reasonable Hourly Rate

Defense counsel requests an hourly rate of $145. (Doc. #341 at 4.) Plaintiff does not object. The court finds that defense counsel's hourly rate of $145 is quite reasonable, and perhaps a bit low, given comparable rates in the District. See Friedman v. SThree PLC., No. 3:14cv378(AWT)(SALM), 2017 WL 4082678, at *5)(D. Conn. Sept. 15, 2017)(quoting Farbotko v. Clinton Cty. of New York, 433 F.3d 204, 209 (2d Cir. 2005) and holding that "[d]etermination of an appropriate hourly rate 'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel.'"); Simmons v. N.Y.C. Transit Auth., 575 F.3d at 174 (holding that "[a]ccording to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court

4

sits in calculating the presumptively reasonable fee." (quotation marks and citations omitted)).

B. <u>Reasonable Hours</u>

Having determined a reasonable hourly rate for defense counsel, the court next determines the reasonable number of hours expended.

The party seeking attorney's fees "bears the burden of establishing that the number of hours for which compensation is sought is reasonable." <u>Custodio v. Am. Chain Link & Const., Inc.</u>, No. 08-cv-7148 (GBD)(HBP), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing <u>Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers</u>, 34 F.3d 1148, 1160 (2d Cir. 1994)). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" <u>Kirsch v. Fleet St., Ltd.</u>, 148 F.3d 149, 173 (2d Cir. 1998) (citations omitted). <u>See also</u> <u>Lunday v. City of Albany</u>, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items."). The court "looks to 'its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" <u>Clark v. Frank</u>, 960

5

F.2d 1146, 1153 (2d Cir. 1992)(quoting DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985)).

1. Double-billing

Defense counsel seeks compensation for a total of 202.1 hours for representing Hebert and Guerrera. On behalf of both defendants, counsel filed one appeal brief at the Second Circuit, one response to the Second Circuit's Order to Show Cause, and one fee application in this court following remand. When counsel billed the two defendants, she divided her hours evenly between them.[3] (Doc. #341 at 4 and #341-1 at 11.) For example, if counsel spent 40 hours researching issues for a brief filed on behalf of both defendants, she would bill each defendant 20 hours.

Plaintiff accuses defense counsel of double billing. (Doc. #347 at 4.) Pointing to the fact that time entries for Hebert and Guerrera are mostly the same, plaintiff argues that defense counsel is "seeking to be paid twice for doing the work once." (Id.) He "asks the court to reject" counsel's fee request entirely for this reason. (Doc. #347 at 7.)

The court is not persuaded. Plaintiff is correct in observing that the vast majority of the entries for the two defendants are

---

[3] The only tasks in which she did not equally divide her time between the two clients were certain tasks that pertained exclusively to one defendant, and the billing records reflect that. (Doc. #341-1 at 13-16, #341 at 5-6.)

6

the same, but those entries are consistent with defense counsel's equal allocation of time between the two defendants. In her affidavits and at oral argument, defense counsel assured the court that she divided her time in half as equally as possible, and did not "double bill." (Doc. #341-1 at 3, Doc. #341 at 4.)

2. Reasonable Expenditure

The central question for the court is whether the total number of hours is reasonable. Plaintiff argues that defense counsel's expenditure of 202.1 hours is unreasonable.

The court carefully has examined the record, including briefs submitted by the parties, the decisions of the Second Circuit Court of Appeals and this court, and the parties' submissions regarding fees.[4]

---

[4] The court reviewed the time expended by counsel for the other defendants but concludes that any comparison to the hours spent by other counsel is inapposite. The Assistant Attorney General ("AAG") who represented the State defendants (Jane Serafini, Lisa Killiany (in her official capacity), Magdalena Campos and Andrew Wittstein) averred in his affidavit to the Second Circuit that he "estimated" that he spent approximately 44.5 hours reviewing plaintiff's appellate brief, researching and drafting the State defendants' brief, attending oral argument, and traveling to and from New York City. He emphasized, however, that the State did not maintain time records, and that his submission was "an exceptionally conservative estimate" that did not include numerous telephone calls with co-counsel and opposing counsel, emails, and discussions with other attorneys in his office regarding strategy. (Appellate Docket, No. 14-4611-cv, Doc. #118 at 24.)

Defense counsel representing Killiany in her individual capacity billed 31.63 hours for the period of December 12, 2014 to December 8, 2015, which did not include time spent on his response

7

The invoices of defense counsel for Hebert and Guerrera reveal that she spent 23.9 hours[5] on emails, phone calls and correspondence with the court, clients and counsel. (Doc. #341 at 5-6 and #341-1 at 13-21.) Counsel also billed for 10 hours[6] traveling to and from New York City and attending oral argument. (Doc. #341-1 at 16, 20.) The court finds that this time is reasonable.

Defense counsel billed 168.2[7] hours for researching and drafting the appellate brief, the response to the Second Circuit's Order to Show Cause and a supplemental fee application filed in this court, and for reviewing plaintiff's and co-defendants' appellate briefs and submissions regarding the Order to Show Cause. (Doc. #341 at 5-6 and #341-1 at 13-21.) This time is equivalent to 21 8-hour work days.

---

to the show cause order. (Appellate Docket, No. 14-4611-cv, Doc. #123-2 at 5-6.) Defendant Killiany also was represented by the AAG's office, and it appears that private counsel echoed many of the State defendants' arguments, obviating the need for a significant amount of time on his papers.

Finally, all these defendants compromised with the plaintiff and did not incur fees after the settlement, whereas Hebert and Guerrera continued to incur fees.

[5] Of the 23.9 hours, 11.4 were billed to Guerrera and 12.5 were billed to Hebert.

[6] Of the 10 hours, 5 were billed to Guerrera and 5 were billed to Hebert.

[7] Of the 168.2 hours, 84 were billed to Guerrera and 84.2 were billed to Hebert.

"As to whether the hours expended by counsel are reasonable, the Court must 'use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case.'" <u>Kindle v. Dejana</u>, No. cv-14-6784 (SJF)(ARL), 2018 WL 1790797, at *3 (E.D.N.Y. Apr. 12, 2018). As indicated, the Second Circuit concluded that plaintiff's argument was "groundless" in light of existing precedent. (Doc. #339.) Having carefully evaluated the tasks and time documented in counsel's records, the court finds that the time requested is excessive in light of the complexity of the issues involved. See <u>Oklahoma Aerotronics, Inc. v. United States</u>, 943 F.2d 1344, 346 (D.C.Cir. 1991)("[T]here is a point at which thorough and diligent litigation efforts become overkill. The district court must disallow claims for 'excessive, redundant, or otherwise unnecessary' charges.") The court therefore reduces by 33% or 56.07 hours the amount of time requested for these activities, to 112.13 hours. Accordingly, the lodestar figure is $21,174.35 (146.03 hours[8] @ $145/hour).

Based on the foregoing, defendants are awarded $21,174.35 in attorneys' fees.

---

[8] 146.03 hours = 23.9 + 10 + 112.13 hours

C. Costs

Defense counsel seeks recovery of $481.40 in expenses incurred consisting of lodging and printing fees. The costs are reasonable.

IV. Conclusion

For these reasons, the court awards defendants Hebert and Guerrera $21,174.35 in attorneys' fees and $481.40 in costs.

SO ORDERED at Hartford, Connecticut this 10th day of May, 2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge